UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X

YEHUDIS PODOLSKY, individually and on behalf of others similarly situated,

                    Plaintiff,

-against-

COMENITY CAPITAL BANK,

                    Defendants.

-----------------------------------------------------------------X

Civil Action No.:

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT AND BREACH OF CONTRACT**

Plaintiff, SIMCHA PODOLSKY ("Plaintiff"), on behalf of himself and others similarly situated, by and through their attorneys, M. Harvey Rephen & Associates, P.C., by Edward B. Geller, Esq., P.C., Of Counsel, as and for its Complaint against the Defendant, COMENITY CAPITAL BANK (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

### PARTIES

2. Plaintiff SIMCHA PODOLSKY is a resident of the State of New Jersey, residing at 106 Reagan Court, Lakewood, New Jersey.

3.  Defendant COMENITY CAPITAL BANK. is an Ohio corporation.located in Columbus, Ohio.

## JURISDICTION AND VENUE

4.  The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 47 USC §227 et seq. and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

6.  Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of themselves and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the TCPA, as of the date of Plaintiff's Complaint (the "Class").  Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the TCPA.

7.  This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

8. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the TCPA.

9. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

10. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the TCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

11. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the TCPA, as codified by Title 47, Code §227.

13. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

14. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

15. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

16. Plaintiffs will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

17. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

18. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS FOR TCPA

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20. Approximately February 2015 Defendant began communicating with Plaintiff by means of telephone calls placed by an auto dialer to Plaintiffs' mobile telephone number 732 232 1073 concerning his wife Yehudis Podolsky's alleged delinquent accounts.

21. The Defendant placed autodialed calls concerning accounts for Victoria Secret, JCrew, Loft, and Ann Taylor.

22. On November 11th, 2015 and March 5th, 2016 the Plaintiff called the Defendant and asked that he not receive any autodialed calls to his cell phone concerning his wife's accounts for Victoria Secret. On November 27th, 2015 Yehudis Podolsky calls in and ask to be called at 732 232 1073, but not be contacted by auto dialer. To assure 732 232 1073 is on only on manual dialer and not auto dialer.

23. On February 2nd, 2015 he Plaintiff called the Defendant and asked that he not receive to his cell phone any automated calls for his wife Yehudis's Loft account.

24. On October 8th, 2015 the Plaintiff called the Defendant and asked that he not receive to his cell phone any more autodialed calls for his wife's JCREW account.

25. On October 18th, 2015 the Plaintiff called the Defendant and requested that he not receive any autodialed calls to his cell phone for his wife's Ann Taylor account.

26. Thereafter the defendant called the Plaintiff's cell phone with an auto dialer approximately 926 times.

27. The telephone numbers the Defendant called from were as follows:

they called from

866-836-9846

303-255-5349

303-255-5354

614-212-5164/5

614-212-5166

614-212-5286

614-212-5292/3

614-212-5298

614-729-3989

614-729-5606

614-729-6089

614-729-6090

614-754-4051

614-754-4058

720-456-3687

720-456-3697

720-456-3679

844-271-2552

913-312-0548

913-312-3216

913-312-3280

913-312-3304

913-312-5172

913-312-5183

### FIRST CAUSE OF ACTION
*(Violations of the TCPA)*

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

29. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), any person within the United States or any person outside the United States, if the recipient is within the United States, is prohibited from using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or any service for which the called party is charged for the call.

30. With the autodialer calls to Plaintiff's telephone commencing on or about February 2015 and continuing for at least 926 calls thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

31. The Defendant, having been informed that Plaintiffs requested that no further calls be made, Defendant willfully violated the TCPA at least 926 times.

32. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:
3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;
7) a financial institution must honor opt-out requests immediately."

33. Defendant is in violation of the TCPA paragraphs 139 (3) having used their calls for debt collection and (7), failing to honor Plaintiffs' desire to opt out of communications despite Plaintiff's clear and unequivocal request that such automatic calls cease on April 18, 2015.

34. Defendant violated various provisions of the TCPA, including but not limited to Title 47 U.S.C. Section 227 et.seq.

### DEMAND FOR TRIAL BY JURY

35. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A. For actual damages provided and pursuant to 47USC §227 et.seq.;

B. For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA;

C. A declaration that the Defendant's practices violated the TCPA;

D. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:          June 28th, 2016

Respectfully submitted,

*[signature]*

EDWARD B. GELLER, ESQ.
EDWARD B. GELLER, ESQ., P.C., OF COUNSEL TO
M. Harvey Rephen & Associates, P.C.
*Of Counsel to M. Harvey Rephen & Associates, P.C.*
*15 Landing Way*
*Bronx, New York  10464*
*Tel:(914)473-6783*

*Attorney for the Plaintiffs SIMCHA PODOLSKY*

To:   COMENITY CAPITAL BANK
      3100 Easton Square Place
      Columbus, OH 43219-6232
      United States
      Phone: 1-614-729-4000
      Fax: -
      Web url: www.comenity.net

   (*Via Prescribed Service*)

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

(*Via Electronic Court Filing*)